**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID B. KINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No: |
| | ) |
| LIFE TIME, INC., | ) |
| LIFE TIME FITNESS, INC., | ) |
| LTF REAL ESTATE CMBS II, LLC, | ) |
| LTF CLUB OPERATIONS COMPANY, INC. | ) |
| LIFE TIME DIGITAL, LLC, | ) |
| | ) |
| Defendants. | ) |

## AMENDED NOTICE OF REMOVAL

To:     The United States District Court for the Northern District of Illinois – Eastern Division.

       Plaintiffs' counsel:     Anthony Elman
                               **ELMAN JOSEPH LAW GROUP, LLC**
                               212 W. Washington, Suite 1208
                               Chicago, Illinois 60606
                               elmanlawgroup.court@gmail.com

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants, LIFE TIME, INC. (f/k/a LIFE TIME FITNESS, INC.); LTF REAL ESTATE CMBS II, LLC; LTF CLUB OPERATIONS COMPANY, INC., and LIFE TIME DIGITAL, LLC, by and through their attorneys, LITCHFIELD CAVO LLP, hereby file this Amended Notice of Removal of the above captioned matter from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois – Eastern Division, and in support thereof states as follows.

### A.     The Removed Case

On March 12, 2025, Plaintiff filed a Complaint at Law in the Circuit Court of Cook County, Illinois captioned *DAVID B. KINNEY v. LIFE TIME, INC., LIFE TIME FITNESS, INC., LTF*

*REAL ESTATE CMBS II, LLC, LTF CLUB OPERATIONS COMPANY, INC., and LIFE TIME DIGITAL, LLC.,* bearing Case Number 2025L003531. A copy of Plaintiff's Complaint is attached hereto as **Exhibit 1**.

Plaintiff's Complaint alleges he suffered personal injuries on May 3, 2023 at a Life Time facility located at 16333 LaGrange Road, Orland Park, Illinois. Plaintiff's Complaint alleges Defendants owned and maintained that facility, asserts claims for negligence and purports to assert separate and distinct claims for willful and wanton conduct. **Exhibit 1**.

### B. Venue

Venue of this action is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district corresponding to the place where the state court action was pending.

### C. Removal is Timely

Plaintiff filed his Complaint on March 12, 2025. Removal, therefore, is timely under 28 U.S.C. §1446(b) because notice has been filed within 30 days of Defendant receiving the initial pleading in the state court action on March 26, 2025. See Affidavit of Brad Idelkope, **Exhibit 2**.

### D. Service of Removal Papers

Pursuant to 28 U.S.C. §1446(d) written notice of removal must be given to Plaintiff's counsel and a Notice of Filing of Notice of Removal shall be filed in the Circuit Court of Cook County, Illinois. A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 3**.

### E. Jurisdiction Under 28 U.S.C. §1332

This is a civil action that properly falls under the Court's original jurisdiction under 28 U.S.C. §1332 and is one that may be removed under 28 U.S.C. §1441. There is a complete diversity

of citizenship among the parties. DAVID KINNEY was a patron of the Life Time facility in Orland Park, Illinois and – on information and belief was an Illinois citizen at the time of the incident upon which he bases his Complaint.

Defendant LIFE TIME, INC., is a citizen of Minnesota. It is a corporation duly organized and existing under and by virtue of the laws of the State of Minnesota, with its headquarters and principal place of business in Chanhassen, Minnesota. See Affidavit of Brad Idelkope, **Exhibit 2**. LIFE TIME, INC., as formerly known as LIFE TIME FITNESS, INC. **Exhibit 2**.

Defendant LTF REAL ESTATE CMBS II, LLC, is a citizen of Minnesota. It is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, with its headquarters and principal place of business in Chanhassen, Minnesota. **Exhibit 2**. Its sole member is LTF Real Estate Holdings, LLC, which is a citizen of Minnesota. It is a Delaware limited liability company with its headquarters and principal place of business in Chanhassen, Minnesota. **Exhibit 2**. The sole member of LTF Real Estate Holdings, LLC, is LTF Operations Holdings, Inc., a Minnesota citizen and corporation with its headquarters and principal place of business in Chanhassen, Minnesota. **Exhibit 2**.

Defendant LTF CLUB OPERATIONS COMPANY, INC. is a citizen of Minnesota. It is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with its headquarters and principal place of business in Chanhassen, Minnesota. **Exhibit 2**.

Defendant LIFE TIME DIGITAL, LLC, is a citizen of Minnesota. It is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware with its headquarters and principal place of business in Chanhassen, Minnesota. **Exhibit 2**. The sole member of LIFE TIME DIGITAL, LLC, is LTF CLUB OPERATIONS COMPANY, INC., which, as set forth above, is a citizen of Minnesota.

The amount in controversy in this action exceeds the sum of $75,000 exclusive of interest and costs. Among other things, Plaintiff's Complaint prays for damages arising out of, "sustained serious and permanent injuries," alleges he has and will suffer "great pain, distress and physical impairment" and that he "was forced to expend and will continue to expend large sums of money for medical care and attention" and has incurred "extensive medical costs and procedures in being treated for said injuries…." **Exhibit 1** at paragraph 11. Where a plaintiff's complaint alleges permanent injuries and significant medical expenses, it is apparent from the face of the complaint that damages exceed the jurisdictional amount. *McCoy v. General Motors Corp*., 226 F. Supp.2d 939, 942 (N.D. Ill. 2002).

Furthermore, in asserting damages sufficient to maintain an action in the Law Division of the Circuit Court of Cook County Plaintiff has pled damages "in excess of…$50,000." **Exhibit 1,** at last (unnumbered) page. Although he has not affirmatively pled that that the amount in controversy is in excess of $75,000, the jurisdictional minimum here, other counsel for Plaintiff indicated that Plaintiff's damages are in excess of that amount.[1] **Exhibit 2.**

For purposes of removal, these alleged damages are sufficient to establish – by a preponderance of the evidence – that the amount in controversy exceeds $75,000. *See, e.g., Cheung Chan v. Target Corp.,* 2020 WL 7319566 at *2 (N.D. Ill. 2020)(holding that the removing defendant met its burden to show the amount in controversy exceeded $75,000 where plaintiff alleged "temporary permanent disabling injuries to her head, body, mind, limbs, and nervous system" and plaintiff sought damages exceeding $50,000); *see also Wragge v. Boing Co.,* 532 F. Supp. 3d 616, 625 (N.D. Ill. 2021) (holding that allegations of "severe injuries and lost wages

---

[1] A demand contained in a pre-suit settlement demand letter may be considered when offered solely for the jurisdictional purpose of establishing the amount in controversy. *See Holmberg v. Polaris Indus., Inc.*, No. 05-C-140-S, 2005 WL 1167711, at *1 (W.D. Wis. May 16, 2005)

alone are sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction").

By filing this Notice of Removal, Defendants do not waive any jurisdictional objections or any other available defenses.

WHEREFORE, Defendants LIFE TIME, INC. (f/k/a LIFE TIME FITNESS, INC.); LTF REAL ESTATE CMBS II, LLC; LTF CLUB OPERATIONS COMPANY, INC., and LIFE TIME DIGITAL, LLC, respectfully request that this civil action be removed from the Circuit Court of Cook County, Illinois, and that this Court accept jurisdiction over this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Respectfully submitted,

/s/ *Michael L. Hahn*
One of the Attorneys for Defendant

Michael L. Hahn
**LITCHFIELD CAVO LLP**
303 West Madison Street, Suite 300
Chicago, IL 60606
Hahn@LitchfieldCavo.com
(312) 781-6569
Fax: (312) 781-6630

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2025, the foregoing Notice of Removal and accompanying documents were served via email to the following:

Anthony Elman
**ELMAN JOSEPH LAW GROUP, LLC**
212 W. Washington, Suite 1208
Chicago, Illinois 60606
elmanlawgroup.court@gmail.com


/s/ *Michael L. Hahn*
One of the Attorneys for Defendant

6